UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| PATRICK CASSIDY, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION NO. 4:16-cv-00584 |
| § | |
| THE TRAVELERS CASUALTY § | |
| COMPANY OF AMERICA, § | |
| § | |
| Defendant. § | |

## DEFENDANT'S NOTICE OF REMOVAL

Defendant The Travelers Home and Marine Insurance Company ("Travelers"), incorrectly sued as The Travelers Casualty Company of America, a non-existent entity, files its Notice of Removal of this action from the 393rd Judicial District Court, Denton County, Texas to the United States District Court for the Eastern District of Texas, Sherman Division, the District and Division encompassing the state court in which this action is pending.  This Notice of Removal is filed pursuant to 28 U.S.C. §§ 1441 and 1446.  In support hereof, Travelers shows this Court as follows:

1. On July 1, 2016, Plaintiff Patrick Cassidy ("Plaintiff") filed an Original Petition (the "Complaint") in the 393rd Judicial District, Denton County, Texas, styled *Patrick Cassidy v. The Travelers Casualty Company of America*, where it was assigned Cause No. 16-05230-393.

2. On July 13, 2016, Travelers was served with a citation and the Complaint.  Removal is timely because thirty (30) days have not elapsed since Travelers was served with a summons or citation.  28 U.S.C. §1446(b)(1); *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (holding that the 30-day deadline to remove begins on the date the

summons or citation is served even if the complaint is received at a prior date).

3. Travelers is, contemporaneously with the filing of this Notice, giving written notice of filing of this Notice of Removal to the clerk of the 393rd Judicial District of Denton County, Texas, and will serve a copy of the Notice of Removal on Plaintiff.

4. In accordance with Local Rule CV-81, attached are the following:

> **Exhibit A:** A list of all parties in the case, their party type, current status of the removed case, list of the attorneys involved in the action, a record of the party that requested trial by jury, if any, and the name and address of the court from which the case is being removed;
>
> **Exhibit B:** A certified copy of the state court docket sheet; and
>
> **Exhibit C:** A copy of all documents filed in the state court.

### GROUND FOR REMOVAL: DIVERSITY

5. This Court has original jurisdiction over this case under 28 U.S.C. § 1332 because this is a civil action between citizens of different States where the matter in controversy exceeds $75,000.

**(a) The amount in controversy exceeds the federal minimum jurisdictional requirements.**

6. Plaintiff seeks relief "over $200,000 but not more than $1,000,000." Ex. C-1 at ¶ 70. Accordingly, the amount in controversy is met because it exceeds the federal jurisdictional minimum of $75,000.

**(b) Complete diversity between Plaintiff and Travelers exists.**

7. Plaintiff was at the time of the filing of this action, has been at all times since, and is still an individual resident citizen of the State of Texas. For diversity purposes, an individual is a citizen of the state of his domicile, which is the place of his true, fixed, and permanent home and principal establishment, to which he has the intention of returning home whenever he is

absent therefrom.  *See Stine v. Moore*, 213 F.2d 446, 448 (5th Cir. 1954).  Accordingly, Plaintiff is a citizen of Texas.

8. Corporations "shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business ...." 28 U.S.C. § 1332(c)(1).

9. Travelers is incorporated in the State of Connecticut with its principal place of business in Connecticut.  Accordingly, Travelers is a citizen of Connecticut.[1]

10. Accordingly, because the amount in controversy exceeds $75,000 and Plaintiff is a citizen of Texas while Travelers is a citizen of Connecticut, this Court has original jurisdiction over the present action pursuant to 28 U.S.C. § 1332.  Removal is therefore proper.

WHEREFORE, Travelers prays that the above-described action now pending in the 393rd Judicial District of Denton County, Texas be removed to this Court.

---

[1] As noted above, the named defendant, The Travelers Casualty Company of America, is a non-existent entity. The insurance claim at issue in this suit was filed by Plaintiff with The Travelers Home and Marine Insurance Company and The Travelers Home and Marine Insurance Company issued the policy insuring Plaintiff's residence.

          Respectfully submitted,

          */s/ Wm. Lance Lewis*
          WM. LANCE LEWIS
          Texas Bar No. 12314560
          ALISSA PUCKETT
          Texas Bar No. 24056886
          **QUILLING, SELANDER, LOWNDS,**
          **WINSLETT & MOSER P.C.**
          2001 Bryan Street, Suite 1800
          Dallas, Texas  75201
          (214) 871-2100 (Telephone)
          (214) 871-2111 (Facsimile)
          llewis@qslwm.com
          apuckett@qslwm.com

          **ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing pleading has been furnished to Plaintiff's counsel of record, via certified mail, return receipt requested, in accordance with the Federal Rules of Civil Procedure, this 5th day of August 2016 at the address indicated below:

C. Bryan Beverly
The Voss Law Firm
26619 Interstate 45
The Woodlands, TX 77380

          */s/ Wm. Lance Lewis*
          Wm. Lance Lewis