# EXHIBIT C

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| **PATRICK CASSIDY,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. _____** |
| | § | |
| **THE TRAVELERS CASUALTY** | § | |
| **COMPANY OF AMERICA,** | § | |
| | § | |
| **Defendant.** | § | |

## INDEX OF STATE COURT MATERIALS

Pursuant to Local Rule CV-81(c)(2), Defendant The Travelers Home and Marine Insurance Company, incorrectly sued as The Travelers Casualty Company of America, a non-existent entity, provides this list of all pleadings that assert causes of action, answers to such pleadings, and process and orders served on it.

C-1     07/01/2016     Plaintiff Patrick Cassidy's Original Petition

C-2     07/05/2016     Citation on Travelers Casualty Company of America

C-3     07/08/2016     Records Request

C-4     07/29/2016     Defendant The Travelers Home and Marine Insurance Company's Original Answer

# EXHIBIT C-1

FILED: 7/1/2016 1:34:02 PM
SHERRI ADELSTEIN
Denton County District Clerk
By: Kelly Smith, Deputy

CAUSE NO. 16-05230-393 _____

| | | |
|---|---|---|
| **PATRICK CASSIDY,** | § | **IN THE DISTRICT COURT** |
| **Plaintiff,** | § | |
| | § | |
| | § | |
| **vs.** | § | **DENTON COUNTY, TEXAS** |
| | § | |
| **THE TRAVELERS CASUALTY** | § | |
| **COMPANY OF AMERICA,** | § | |
| **Defendant.** | § | **____ JUDICIAL DISTRICT** |

---

## PLAINTIFF'S ORIGINAL PETITION

---

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Patrick Cassidy (hereinafter "Plaintiff"), and complains of The Travelers Casualty Company of America (hereinafter "Travelers"). In support of his claims and causes of action, Plaintiff would respectfully show the Court as follows:

### DISCOVERY LEVEL

1. Plaintiff intends for discovery to be conducted at Level 2, pursuant to Rule 190 of the Texas Rules of Civil Procedure.

### JURISDICTION AND VENUE

2. This Court has jurisdiction to hear Plaintiff's claims under Texas common law and Texas statutory law. Inarguably, the amount in controversy exceeds the minimum jurisdictional limits of this Court. Venue is also proper, as all or a substantial part of the events giving rise to this suit occurred within the city of Ponder, in Denton County, Texas.

## PARTIES

3.      Plaintiff is an individual whose residence is located in Ponder, Denton County, Texas.

4.      Defendant Travelers is a foreign corporation, duly registered with the Texas Department of Insurance to do business in Texas, which may be served with process by serving this Original Petition and a copy of the citation on its Registered Agent, Corporation Service Company, at its registered address, 211 East 7th Street, Suite 620, Austin, Texas 78701-3218.

## BACKGROUND

5.      This matter revolves largely around a first party insurance dispute regarding the extent of damages and amount of loss suffered to the Plaintiff's Property, which is located at 12780 Cartwright, Ponder, Texas 76259, (the "Property").   In addition to seeking economic and penalty based damages from Travelers, Plaintiff also seeks compensation from Travelers for damages caused by improperly investigating the extensive losses associated with this case.

6.      Plaintiff owns the Property.

7.      Prior to the occurrence in question, Plaintiff purchased a residential insurance policy from Travelers to cover the Property at issue in this case for a loss due to storm-related events.   Plaintiff's Property suffered storm-related damage. Through his residential policy, OCC57698930526331, Plaintiff was objectively insured for the subject loss by Defendant.

8.      On or around May 27, 2015, the Property suffered incredible damage due to storm related conditions.

9.     In the aftermath, Plaintiff relied on Travelers to help begin the rebuilding process. By and through his residential policy, Plaintiff was objectively insured for the subject losses in this matter.

10.    Pursuant to his obligation as a policyholder, Plaintiff made complete payment of all residential insurance premiums in a timely fashion.   Moreover, his residential policy covered Plaintiff during the time period in question.

11.    Despite Plaintiff's efforts, Travelers continually failed and refused to pay Plaintiff in accordance with its promises under the Policy.

12.    Moreover, Travelers has failed to make any reasonable attempt to settle Plaintiff's claims in a fair manner, although its liability to the Plaintiff under the policy is without dispute.

13.    In the months following, Plaintiff provided information to Travelers, as well as provided opportunities for Travelers to inspect the Property.   However, Travelers failed to conduct a fair investigation into the damage to the Property.   Moreover, Travelers failed to properly inspect the Property and its related damages, failed to properly request information, failed to properly investigate the claim, failed to timely evaluate the claim, failed to timely estimate the claim, and failed to timely and properly report and make recommendations in regard to Plaintiff's claims.

14.    Despite Travelers' improprieties, Plaintiff continued to provide information regarding the losses and the related claim to Travelers.   Further, Plaintiff made inquiries regarding the status of the losses, and payments.   Regardless, Travelers failed and refused to respond to the inquiries, and failed to properly adjust the claim and the losses. As a result, to this

date, Plaintiff has not received proper payment for his claim, even though notification was provided.

15.     Travelers has failed to explain the reasons for failing to offer adequate compensation for the damage to the Property.  Travelers has furthermore failed to offer Plaintiff adequate compensation without any explanation why full payment was not being made. Travelers did not communicate that any future settlements or payments would be forthcoming to pay the entire losses covered under the policy.

16.     Travelers has further failed to affirm or deny coverage within a reasonable time. Plaintiff also did not receive timely indication of acceptance or rejection regarding the full and entire claim in writing from Travelers in a timely manner.

17.     Travelers has, to date, refused to fully compensate Plaintiff under the terms of the policy for which Plaintiff paid, even though it was Travelers that failed to conduct a reasonable investigation.  Ultimately, Travelers performed a result-oriented investigation of Plaintiff's claim that resulted in an unfair, biased and inequitable evaluation of Plaintiff's losses.

18.     Travelers has failed to meet its obligations under the Texas Insurance Code regarding timely acknowledging Plaintiff's claim, beginning an investigation of Plaintiff's claim, and requesting all information reasonably necessary to investigate Plaintiff's claims within the time period mandated by statute.

19.     As a result of the above issues, Plaintiff did not receive the coverage for which he had originally contracted with Travelers.  Unfortunately, Plaintiff has, therefore, been forced to file this suit in order to recover damages arising from the above conduct, as well as overall from the unfair refusal to pay insurance benefits.

20.    In addition, Travelers has failed to place adequate and proper coverage for Plaintiff causing Plaintiff to suffer further damages.   As indicated below, Plaintiff seeks relief under the common law, the Deceptive Trade Practices-Consumer Protection Act and the Texas Insurance Code.

### CONDITIONS PRECEDENT

21.    All conditions precedent to recovery by Plaintiff has been met or has occurred.

### AGENCY

22.    All acts by Travelers were undertaken and completed by its officers, agents, servants, employees, and/or representatives. Such were either done with the full authorization or ratification of Travelers and/or were completed in its normal and routine course and scope of employment with Travelers.

### CLAIMS AGAINST DEFENDANT

23.    Plaintiff hereby incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

### A.
### NEGLIGENCE

24.    Travelers had and owed a legal duty to Plaintiff to properly adjust the structural and property damage and other insurance losses associated with the Property.  Travelers breached this duty in a number of ways, including but not limited to the following:

      a.    Travelers was to exercise due care in adjusting and paying policy proceeds regarding Plaintiff's Property loss;

      b.    Travelers had a duty to competently and completely handle and pay all damages associated with Plaintiff's Property; and/or

   c.  Travelers failed to properly complete all adjusting activities associated with Plaintiff.

25. Travelers' acts, omissions, and/or breaches did great damage to Plaintiff, and were a proximate cause of Plaintiff's damages.

## B.
## BREACH OF CONTRACT

26. Plaintiff hereby incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

27. According to the policy that Plaintiff purchased, Travelers had the absolute duty to investigate Plaintiff's damages, and to pay Plaintiff's policy benefits for the claims made due to the extensive storm-related damages.

28. As a result of the storm-related event, Plaintiff suffered extreme external and internal damages.

29. Despite objective evidence of such damages, Travelers has breached its contractual obligations under the subject insurance policy by failing to pay Plaintiff benefits relating to the cost to properly repair Plaintiff's Property, as well as for related losses.  As a result of this breach, Plaintiff has suffered actual and consequential damages.

## C.
## VIOLATIONS OF TEXAS DECEPTIVE TRADE
## PRACTICES ACT AND TIE-IN-STATUTES

30. Plaintiff hereby incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

31. Travelers' collective actions constitute violations of the DTPA, including but not limited to, Sections 17.46(b) (12), (14), (20), (24), and Section 17.50(a) (4) of the Texas Business

& Commerce Code.   Travelers collectively engaged in false, misleading, or deceptive acts or

practices that included, but were not limited to:

    a.    Representing that an agreement confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law;

    b.    Misrepresenting the authority of a salesman, representative, or agent to negotiate the final terms of a consumer transaction;

    c.    Failing to disclose information concerning goods or services which were known at the time of the transaction, and the failure to disclose such information was intended to induce the consumer into a transaction into which the consumer would not have entered had such information been disclosed;

    d.    Using or employing an act or practice in violation of the Texas Insurance Code;

    e.    Unreasonably delaying the investigation, adjustment and resolution of Plaintiff's claim;

    f.    Failure to properly investigate Plaintiff's claim; and/or

    g.    Hiring and relying upon a biased engineer and/or adjuster to obtain a favorable, result-oriented report to assist Travelers in low-balling and/or denying Plaintiff's damage claim.

    32.    As described in this Original Petition, Travelers represented to Plaintiff that his

insurance policy and Travelers' adjusting and investigative services had characteristics or

benefits that it actually did not have, which gives Plaintiff the right to recover under Section

17.46 (b)(5) of the DTPA.

    33.    As described in this Original Petition, Travelers represented to Plaintiff that its

insurance policy and Travelers' adjusting and investigative services were of a particular standard,

quality, or grade when they were of another, which stands in violation of Section 17.46 (b)(7) of

the DTPA.

34.     By representing that Travelers would pay the entire amount needed by Plaintiff to repair the damages caused by the storm-related event and then not doing so, Travelers has violated Sections 17.46 (b)(5), (7) and (12) of the DTPA.

35.     Travelers has breached an express warranty that the damage caused by the storm-related event would be covered under the subject insurance policies.   This breach entitles Plaintiff to recover under Sections 17.46 (b) (12) and (20) and 17.50 (a) (2) of the DTPA.

36.     Travelers' actions, as described herein, are unconscionable in that it took advantage of Plaintiff's lack of knowledge, ability, and experience to a grossly unfair degree. Travelers' unconscionable conduct gives Plaintiff the right to relief under Section 17.50(a)(3) of the DTPA.

37.     Travelers' conduct, acts, omissions, and failures, as described in this Original Petition, are unfair practices in the business of insurance in violation of Section 17.50 (a) (4) of the DTPA.

38.     Plaintiff is a consumer, as defined under the DTPA, and relied upon these false, misleading, or deceptive acts or practices made by Travelers to his detriment.  As a direct and proximate result of Travelers' collective acts and conduct, Plaintiff has been damaged in an amount in excess of the minimum jurisdictional limits of this Court, for which Plaintiff now sues. All of the above-described acts, omissions, and failures of Travelers are a producing cause of Plaintiff's damages that are described in this Original Petition.

39.     Because Travelers' collective actions and conduct were committed knowingly and intentionally, Plaintiff is entitled to recover, in addition to all damages described herein, mental anguish damages and additional penalty damages, in an amount not to exceed three times such

actual damages, for Travelers having knowingly committed its conduct. Additionally, Plaintiff is ultimately entitled to recover damages in an amount not to exceed three times the amount of mental anguish and actual damages due to Travelers having intentionally committed such conduct.

40.     As a result of Travelers' unconscionable, misleading, and deceptive actions and conduct, Plaintiff has been forced to retain the legal services of the undersigned attorneys to protect and pursue these claims on his behalf.   Accordingly, Plaintiff also seeks to recover his costs and reasonable and necessary attorneys' fees as permitted under Section 17.50(d) of the Texas Business & Commerce Code, as well as any other such damages to which Plaintiff may show himself to be justly entitled at law and in equity.

### D.
### VIOLATIONS OF TEXAS INSURANCE CODE

41.     Plaintiff hereby incorporates by reference all facts and circumstances set forth within the foregoing paragraphs.

42.     Travelers' actions constitute violations of the Texas Insurance Code, including but not limited to, Article 21.21 Sections 4(10) (a) (ii), (iv), and (viii) (codified as Section 541.060), Article 21.21 Section 11(e) (codified as Section 541.061), and Article 21.55 Section 3(f) (codified as Section 542.058).  Specifically, Travelers engaged in certain unfair or deceptive acts or practices that include, but are not limited to the following:

   a.     Failing to attempt, in good faith, to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability has become reasonably clear;

   b.     Failing to provide promptly to a policyholder a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the

insurer's denial of a claim or for the offer of a compromise settlement of a claim;

c.     Refusing to pay a claim without conducting a reasonable investigation with respect to the claim;

d.     Forcing Plaintiff to file suit to recover amounts due under the policy by refusing to pay all benefits due;

e.     Misrepresenting an insurance policy by failing to disclose any matter required by law to be disclosed, including a failure to make such disclosure in accordance with another provision of this code; and/or

f.     Failing to pay a valid claim after receiving all reasonably requested and required items from the claimant.

43.    Plaintiff is the insured or beneficiary of a claim which was apparently valid as a result of the unauthorized acts of Travelers, and Plaintiff relied upon these unfair or deceptive acts or practices by Travelers to his detriment.   Accordingly, Travelers became the insurer of Plaintiff.

44.    As a direct and proximate result of Travelers' acts and conduct, Plaintiff has been damaged in an amount in excess of the minimum jurisdictional limits of this Court, for which he now sues.

45.    Since a violation of the Texas Insurance Code is a direct violation of the DTPA, and because Travelers' actions and conduct were committed knowingly and intentionally, Plaintiff is entitled to recover, in addition to all damages described herein, mental anguish damages and additional damages in an amount not to exceed three times the amount of actual damages, for Travelers having knowingly committed such conduct.   Additionally, Plaintiff is entitled to recover damages in an amount not to exceed three times the amount of mental and actual damages for Travelers having intentionally committed such conduct.

46.    As a result of Travelers' unfair and deceptive actions and conduct, Plaintiff has been forced to retain the legal services of the undersigned attorneys to protect and pursue these claims on his behalf.  Accordingly, Plaintiff also seeks to recover his costs and reasonable and necessary attorneys' fees as permitted under Section 17.50(d) of the Texas Business & Commerce Code or Article 21.21 Section 16(b) (1) (codified as Section 541.152) of the Texas Insurance Code and any other such damages to which Plaintiff may show himself justly entitled by law and in equity.

## E.
## BREACH OF THE COMMON-LAW DUTY
## OF GOOD FAITH AND FAIR DEALING

47.    Plaintiff hereby incorporates by reference all facts and circumstances in the foregoing paragraphs.

48.    By its acts, omissions, failures and conduct, Travelers has breached its common law duty of good faith and fair dealing by denying Plaintiff's claims or inadequately adjusting and making an offer on Plaintiff's claims without any reasonable basis, and by failing to conduct a reasonable investigation to determine whether there was a reasonable basis for this denial.

49.    Travelers has also breached this duty by unreasonably delaying payment of Plaintiff's entire claims and by failing to settle Plaintiff's claims, as Travelers knew or should have known that it was reasonably clear that Plaintiff's storm-related claims were covered. These acts, omissions, failures, and conduct by Travelers is a proximate cause of Plaintiff's damages.

## F.
## BREACH OF FIDUCIARY DUTY

50.     Plaintiff hereby incorporates by reference all facts and circumstances in the foregoing paragraphs.

51.     Travelers had a fiduciary relationship, or in the alternative, a relationship of trust and confidence with Plaintiff. As a result, Travelers owed a duty of good faith and fair dealing to Plaintiff. Travelers breached that fiduciary in that:

   a.     The transaction was not fair and equitable to Plaintiff;

   b.     Travelers did not make reasonable use of the confidence that Plaintiff placed upon it;

   c.     Travelers did not act in the utmost good faith and did not exercise the most scrupulous honesty toward Plaintiff;

   d.     Travelers did not place the interests of Plaintiff before its own, and Travelers used the advantage of its position to gain a benefit for itself, at Plaintiff's expense;

   e.     Travelers placed itself in a position where its self-interest might conflict with its obligations as a fiduciary; and/or

   f.     Travelers did not fully and fairly disclose all important information to Plaintiff concerning the sale of the policy.

52.     Travelers is liable for Plaintiff's damages for breach of fiduciary duty, as such damages were objectively caused by Travelers' conduct.

## G.
## UNFAIR INSURANCE PRACTICES

53.     Plaintiff hereby incorporates by reference all facts and circumstances in the foregoing paragraphs.

54.     Plaintiff has satisfied all conditions precedent to bringing these causes of action. By its acts, omissions, failures, and conduct, Travelers has engaged in unfair and deceptive acts or practices in the business of insurance in violation of Chapter 541 of the Texas Insurance Code.

55.     Such violations include, without limitation, all the conduct described in this Original Petition, plus Travelers' failure to properly investigate Plaintiff's claim.   Plaintiff also includes Travelers' unreasonable delays in the investigation, adjustment, and resolution of Plaintiff's claims and Travelers' failure to pay for the proper repair of Plaintiff's Property, as to which Travelers' liability had become reasonably clear.

56.     Additional violations include Travelers' hiring of and reliance upon biased adjusters and/or engineers to obtain favorable, result-oriented reports to assist it in low-balling and denying Plaintiff's storm-related damage and related claims.   Plaintiff further includes Travelers' failure to look for coverage and give Plaintiff the benefit of the doubt, as well as Travelers' misrepresentations of coverage under the subject insurance policy. Specifically, Travelers is also guilty of the following unfair insurance practices:

> a.     Engaging in false, misleading, and deceptive acts or practices in the business of insurance in this case;
>
> b.     Engaging in unfair claims settlement practices;
>
> c.     Misrepresenting to Plaintiff pertinent facts or policy provisions relating to the coverage at issue;
>
> d.     Not attempting in good faith to effectuate a prompt, fair, and equitable settlement of Plaintiffs' claims as to which Travelers' liability had become reasonably clear;
>
> e.     Failing to affirm or deny coverage of Plaintiff's claims within a reasonable time and failing within a reasonable time to submit a reservation of rights letter to Plaintiff;

f.      Refusing to pay Plaintiff's claims without conducting a reasonable investigation with respect to the claims; and/or

g.      Failing to provide promptly to a policyholder a reasonable explanation of the basis in the insurance policy, in relation to the facts or applicable law, for the denial of a claim or for the offer of a compromise settlement.

57.      Travelers has also breached the Texas Insurance Code when it breached its duty of good faith and fair dealing. Travelers' conduct as described herein has resulted in Plaintiff's damages that are described in this Original Petition.

**H.**
**MISREPRESENTATION**

58.      Plaintiff hereby incorporates by reference all facts and circumstances in the foregoing paragraphs.

59.      Travelers is liable to Plaintiff under the theories of intentional misrepresentation, or in the alternative, negligent misrepresentation. Essentially, Travelers did not inform Plaintiff of certain exclusions in the policy.   Misrepresentations were made with the intention that they should be relied upon and acted upon by Plaintiff who relied on the misrepresentations to his detriment.   As a result, Plaintiff has suffered damages, including but not limited to loss of the Property, loss of use of the Property, mental anguish and attorney's fees.   Travelers is liable for these actual consequential and penalty-based damages.

**I.**
**COMMON-LAW FRAUD BY NEGLIGENT MISREPRESENTATION**

60.      Plaintiff hereby incorporates by reference all facts and circumstances in the foregoing paragraphs.

61.      Plaintiff would show that Travelers perpetrated fraud by misrepresentation (either intentionally or negligently) by falsely representing a fact of materiality to Plaintiff, who relied

upon such representations that ultimately resulted in his injuries and damages. Alternatively, Travelers fraudulently concealed material facts from Plaintiff, the result of which caused damage to Plaintiff as a result of the storm-related damages.

62.     Specifically, and as a proximate cause and result of this fraudulent concealment, fraud and negligent misrepresentation, all of which was perpetrated without the knowledge or consent of Plaintiff, Plaintiff has sustained damages far in excess of the minimum jurisdictional limits of this Court.

63.     By reason of Plaintiff's reliance on Travelers fraudulent representations, negligent misrepresentations and/or fraudulent concealment of material facts as described in this complaint, Plaintiff has suffered actual damages for which he now sues.

64.     Plaintiff further alleges that because Travelers knew that the misrepresentations made to Plaintiff were false at the time they were made, such misrepresentations are fraudulent, negligent or grossly negligent on the part of Travelers, and constitute conduct for which the law allows the imposition of exemplary damages.

65.     In this regard, Plaintiff will show that he has incurred significant litigation expenses, including attorneys' fees, in the investigation and prosecution of this action.

66.     Accordingly, Plaintiff requests that penalty damages be awarded against Travelers in a sum in excess of the minimum jurisdictional limits of this Court.

## WAIVER AND ESTOPPEL

67.     Plaintiff hereby incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

68.    Travelers has waived and is estopped from asserting any defenses, conditions, exclusions, or exceptions to coverage not contained in any Reservation of Rights or denial letters to Plaintiff.

## DAMAGES

69.    Travelers' acts have been the producing and/or proximate cause of damage to Plaintiff, and Plaintiff seeks an amount in excess of the minimum jurisdictional limits of this Court.

70.    More specifically, Plaintiff seeks monetary relief of over $200,000 but not more than $1,000,000.

## ADDITIONAL DAMAGES & PENALTIES

71.    Travelers' conduct was committed knowingly and intentionally.   Accordingly, Travelers is liable for additional damages under the DTPA, section 17.50(b) (1), as well as all operative provisions of the Texas Insurance Code.   Plaintiff is, thus, clearly entitled to the 18% damages allowed by the Texas Insurance Code.

## ATTORNEY FEES

72.    In addition, Plaintiff is entitled to all reasonable and necessary attorneys' fees pursuant to the Texas Insurance Code, DTPA, and sections 38.001-.005 of the Civil Practice and Remedies Code.

## JURY DEMAND

73.    Plaintiff demands a jury trial and tenders the appropriate fee with this Original Petition.

## REQUEST FOR DISCLOSURE

74.    Pursuant to the Texas Rules of Civil Procedure, Plaintiff requests that Travelers disclose all information and/or material as required by Rule 194.2, paragraphs (a) through (l), and to do so within 50 days of this request.

## REQUEST FOR PRODUCTION

75.    Pursuant to the Texas Rules of Civil Procedure, Plaintiff propounds the following Requests for Production.

a.    Please produce Travelers complete claim files from the home, regional, local offices, and third party adjusters/adjusting firms regarding the claims that are the subject of this matter, including copies of the file jackets, "field" files and notes, and drafts of documents contained in the file for the premises relating to or arising out of Plaintiff's underlying claim.

b.    Please produce the underwriting files referring or relating in any way to the policy at issue in this action, including the file folders in which the underwriting documents are kept and drafts of all documents in the file.

c.    Please produce certified copy of the insurance policy pertaining to the claims involved in this suit.

d.    Please produce the electronic diary, including the electronic and paper notes made by Travelers claims personnel, contractors, and third party adjusters/adjusting firms relating to the Plaintiff's claims.

e.    Please produce all emails and other forms of communication by and between all parties in this matter relating to the underlying event, claims or the Property, which is the subject of this suit.

f.    Please produce the adjusting reports, estimates and appraisals prepared concerning Plaintiff's underlying claim.

g.    Please produce the field notes, measurements and file maintained by the adjuster(s) and engineers who physically inspected the subject Property.

h.    Please produce the emails, instant messages and internal correspondence pertaining to Plaintiff's underlying claim(s).

i.      Please produce the videotapes, photographs and recordings of Plaintiff or Plaintiff's home, regardless of whether Travelers intends to offer these items into evidence at trial.

## **INTERROGATORIES**

76.      Pursuant to the Texas Rules of Civil Procedure, Plaintiff propounds the following Interrogatories.

a.      Please identify any person Travelers expects to call to testify at the time of trial.

b.      Please identify the persons involved in the investigation and handling of Plaintiff's claims for insurance benefits arising from damage relating to the underlying event, claims or the Property, which is the subject of this suit, and include a brief description of the involvement of each person identified, their employer, and the date(s) of such involvement.

c.      If Travelers or Travelers' representatives performed any investigative steps in addition to what is reflected in the claims file, please generally describe those investigative steps conducted by Travelers or any of Travelers' representatives with respect to the facts surrounding the circumstances of the subject loss. Identify the persons involved in each step.

d.      Please identify by date, author, and result the estimates, appraisals, engineering, mold and other reports generated as a result of Travelers' investigation.

e.      Please state the following concerning notice of claims and timing of payment:

i.      The date and manner in which Travelers received notice of the claim;

ii.      The date and manner in which Travelers acknowledged receipt of the claim;

iii.      The date and manner in which Travelers commenced investigation of the claim;

iv.      The date and manner in which Travelers requested from the claimant all items, statements, and forms that Travelers reasonably believed, at the time, would be required from the claimant; and

v.      The date and manner in which Travelers notified the claimant in writing of the acceptance or rejection of the claim.

f.     Please identify by date, amount and reason, the insurance proceed payments made by Travelers, or on Travelers' behalf, to the Plaintiff.

g.     Have Plaintiff's claims for insurance benefits been rejected or denied in full or in part? If so, state the reasons for rejecting/denying the claim.

h.     When was the date Travelers anticipated litigation?

i.     Have any documents (including those maintained electronically) relating to the investigation or handling of Plaintiff's claims for insurance benefits been destroyed or disposed of? If so, please identify what, when and why the document was destroyed, and describe Travelers' document retention policy.

j.     Does Travelers contend that the insured premises was damaged by storm-related events and/or any excluded peril?    If so, state the general factual basis for this contention.

k.     Does Travelers contend that any act or omission by the Plaintiff voided, nullified, waived or breached the insurance policy in any way? If so, state the general factual basis for this contention.

l.     Does Travelers contend that the Plaintiff failed to satisfy any condition precedent or covenant of the policy in any way? If so, state the general factual basis for this contention.

m.     How is the performance of the adjuster(s) involved in handling Plaintiff's claims evaluated?  State the following:

      i.     what performance measures are used; and
      ii.     describe Travelers' bonus or incentive plan for adjusters.

### CONCLUSION

77.     Plaintiff prays that judgment be entered against The Travelers Casualty Company of America, and that Plaintiff be awarded all of his actual damages, consequential damages, prejudgment interest, additional statutory damages, post judgment interest, reasonable and necessary attorney fees, court costs and for all such other relief, general or specific, in law or in equity, whether pled or un-pled within this Original Petition.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays he be awarded all such relief to which he is due as a result of the acts of The Travelers Casualty Company of America, and for all such other relief to which Plaintiff may be justly entitled.

Respectfully submitted,

**THE VOSS LAW FIRM, P.C.**


*/s/  C. Bryan Beverly*
C. Bryan Beverly
Texas Bar No. 24082688
The Voss Law Center
26619 Interstate 45 South
The Woodlands, Texas 77380
Telephone: (713) 861-0015
Facsimile:  (713) 861-0021
bryan@vosslawfirm.com

**ATTORNEYS FOR PLAINTIFF**

# EXHIBIT C-2

## CITATION –TRC 99 and 106

THE STATE OF TEXAS                                           COUNTY OF DENTON

### CAUSE NO. 16-05230-393

**TO: The Travelers Casualty Company of America – Registered Agent, Corporation Service Company, at its registered address, 211 East 7th Street, Suite 620, Austin, Texas 78701-3218; (or wherever he/she may be found)**

Notice to defendant: You have been sued. You may employ an attorney. If you, or your attorney, do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the first Monday following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

| Court: | 393rd Judicial District Court<br>1450 E. McKinney, 4th Floor, Denton, TX 76209 |
|---|---|
| Cause No.: | **16-05230-393** |
| Date of Filing: | July 01, 2016 |
| Document: | **Plaintiff's Original Petition** |
| Parties in Suit: | Patrick Cassidy; Travelers Casualty Insurance Company of America |
| Clerk: | Sherri Adelstein, District Clerk<br>1450 E. McKinney, Suite 1200, Denton, TX 76209 |
| Party or<br>Party's Attorney: | C. Bryan Beverly<br>26619 Interstate 45 South, The Woodlands, TX 77380 |

Issued under my hand and seal of this said court on this the 5th day of July, 2016.

Sherri Adelstein, District Clerk
Denton, Denton County, Texas

BY: _____
Heather Goheen, Deputy

### Service Return

Came to hand on the ____ day of ____, 20__, at ____ m., and executed on the _____ day of _____, 20__, at _____ M by delivering to the within named _____ in person a true copy of this citation, with attached copy(ies) of the Plaintiff's Original Petition, _____ at _____.

Service Fee: $ _____          _____ Sheriff/Constable
                                     _____ County, Texas

Service ID No. _____          _____
                                        Deputy/Authorized Person

### VERIFICATION

On this day personally appeared _____ known to me to be the person whose name is subscribed on the foregoing instrument and who has stated: upon penalty of perjury, I attest that the foregoing instrument has been executed by me in this cause pursuant to the Texas Rules of Civil Procedure. I am over the age of eighteen years and I am not a party to or interested in the outcome of this suit, and have been authorized by the Denton County Courts to serve process.

Subscribed and sworn to before me on this the _____ day of _____, 20__

_____
Notary Public

# EXHIBIT C-3

To: 9403492201                    From: Alisa Perkins              7-07-16  12:23pm  p. 2  of 3

Rev. 7/15



Do not write in this space.
AT 11:00 O'CLOCK A
JUL - 7
DISTRICT
Denton County
BY: D2

# DENTON COUNTY DISTRICT CLERK
# RECORD REQUEST FORM
****** Please print in a legible manner ***********

- If you do not know the cause number and/or pleading you are requesting, this office must perform a search. There is a $5.00 fee payable before the record search will be done.
- Copies are $1.00 per page.
- Please allow up to 10 business days for your request to be completed. (However, normal completion time is 2-3 days)
- Payments are to be made by cash, money order, or credit card (American Express, MasterCard, Visa and Discover). Credit card charges are subject to a 2.75% transaction fee of the total amount charged). If payment is made online at: http://dentoncounty.com/payDC, please provide the Certified Payment ID on this form. Personal checks are not accepted.
- You may pick up the copies in person, supply an envelope with pre-paid postage for return via first-class mail (large enough to hold the documents) or have the copies sent to you by fax. (If a pre-paid envelope is not supplied, then a reasonable fee will be charged for postage).
- Return this completed request form to the District Clerk at the address below or fax to: 940-349-2201.
- THIS FORM MUST BE COMPLETED IN ITS ENTIRETY, NOT COMPLETING THE FORM PROPERLY COULD KEEP YOUR REQUEST FROM BEING PROCESSED.

| | |
|---|---|
| Requestor: Alisa Perkins | Date: 7/7/16 |
| Email: aperkins@qslwm.com | Fax: (214) 871-2111 |
| Address: QSLWM, PC, 2001 Bryan St., Suite 1800 | Phone: (214) 871-2100 |
| City, State, Zip: Dallas, Texas 75201 | |
| Cause No. 16-05230-393 | Estimated file date: 7/1/16 |
| Party/Litigant names: | Patrick Cassidy vs. Travelers Casualty Insurance Company |
| | Patrick Cassidy vs. Travelers Casualty Insurance Company |

Please mark all that apply:

| | |
|---|---|
| | Certified Copy |
| xx | Return via fax (non-certified copies only) |
| xx | Return via e-mail (non-certified copies only) |
| | Will pick up (please see cashier) |
| | Mail back (charge for postage and envelope if not supplied by requestor) |

Payment method:   (o) Cash/Money Order   (o) MasterCard   (o) Visa   (o) Discover   (o) American Express

Certified Payment ID:

Name on credit card: Morris Simmons          Account N ▇▇▇▇▇▇

Amount Authorized Not to Exceed: (O) $25.00   (o) $35.00   (o) $50.00   (o) Other $ 75.00

Billing Address Zip Code: ▇▇▇▇        Exp. Date: ▇▇▇    MM/YY:   3 - digit Security Code: ▇▇▇

Printed name of Authorized Person:   Morris Simmons

Authorized Signature: _____
                                          Continued on next page



## Denton County District Clerk

**1450 E. McKinney, Suite 1200**
**Denton, TX 76209**

**Mailing Address:**
**PO Box 2146**
**Denton, TX 76202-2146**

**Phone: 940-349-2200**

**Fax: 940-349-2201**

1

**Date and names of requested pleadings:**
Complete below **(please be specific)** or print out a case summary from the Denton County
Judicial Records Search website located at http://justice.dentoncounty.com/, mark the requested
documents and fax with this form.
******* Cases filed since 1990 are located on the Judicial Records Search website.*******

| Date: 7/1/16 | Title of Document:  Plaintiff's Original Petition | (21) |
| Date: | Title of Document: | |
| Date: | Title of Document: | |
| Date: | Title of Document: | |
| Date: | Title of Document: | |
| Date: | Title of Document: | |
| Date: | Title of Document: | |
| Date: | Title of Document: | |
| Date | Title of Document | |
| Date | Title of Document | |
| Date | Title of Document | |
| Date | Title of Document | |

| **FOR CLERK'S USE ONLY** | |
| Record search performed?  (add $5)       YES○       NO○ | |
| Date requested from storage: | |
| Unable / able to process - contacted requestor: | |
| Date completed:  7/8/16 | Completed by:  CM |
| Total charged:  $21.00 | |
| Mailed: | Faxed: | Picked up: | Emailed: ✓ |

**www.dentoncounty.com**

CERTIFIED A TRUE AND CORRECT COPY
OF THE RECORD ON FILE IN MY OFFICE

SHERRY ADELSTEIN
DENTON COUNTY CLERK

8/3/16
Date

By: _____
Deputy Clerk


# EXHIBIT C-4

FILED: 7/29/2016 9:32:35 AM
SHERRI ADELSTEIN
Denton County District Clerk
By: Sherri Adelstein, Deputy

## CAUSE NO. 16-05230-393

| | | |
|---|---|---|
| PATRICK CASSIDY, | § | IN THE DISTRICT COURT |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | |
| | § | DENTON COUNTY, TEXAS |
| THE TRAVELERS CASUALTY | § | |
| COMPANY OF AMERICA, | § | |
| | § | |
| **Defendant.** | § | 393RD JUDICIAL DISTRICT |

## DEFENDANT THE TRAVELERS HOME AND MARINE INSURANCE COMPANY'S
## ORIGINAL ANSWER

In response to Plaintiff's Original Petition (the "Petition"), Defendant The Travelers Home and Marine Insurance Company, incorrectly sued as The Travelers Casualty Company of America ("Defendant"), files its Original Answer thereto.

## I.

## GENERAL DENIAL

Defendant denies all and singular the allegations contained in the Petition and demands strict proof thereof.

## II.

## ADDITIONAL DEFENSES

1.      Defendant denies that all conditions precedent to Plaintiff's claims for recovery have occurred or been met, and they have not been waived.

2.      Coverage is precluded to the extent the loss occurred outside the policy period.

3.      Coverage is precluded to the extent Plaintiff seeks reimbursement for the replacement cost value of property which has not been repaired or replaced.

4.      Coverage is precluded to the extent the loss was not caused by a "Peril Insured Against."

5.      Coverage is precluded to the extent Plaintiff seeks reimbursement for replacement cost without deduction for depreciation for buildings covered under Coverage A exceeding the least of the following amounts: "(a) The limit of liability under this policy that applies to the building; (b) The replacement cost of that part of the building damaged with material of like kind and quality and for like use; or (c) The necessary amount actually spent to repair or replace the damaged building."

6.      Plaintiff's claims may be barred in whole or in part by the exclusion for "Fungi", Other Microbes or Rot and/or limited to the $5,000 limit of liability available for Limited "Fungi", Other Microbes Or Rot Remediation.

7.      Plaintiff's claims may be barred in whole or in part by the Settling, Cracking, Bulging, Shrinkage or Expansion of Specific Property exclusion.

8.      Plaintiff's claims may be barred in whole or in part because the policy does not insure losses caused by "[c]onstant or repeated seepage or leakage of water or steam, or the presence of condensation of humidity, moisture or vapor, that occurs over a period of 14 days of more."

9.      Plaintiff's claims may be barred in whole or in part because the policy does not insure losses caused by "Wear and tear, marring, deterioration" or "corrosion."

10.     Plaintiff's claims may be barred in whole or in part because the policy does not insure losses caused by "[s]ettling, shrinking, bulging or expansion, including resultant cracking, of bulkheads, pavements, patios, footings, foundations, walls, floors, roofs or ceilings."

11.     Plaintiff's claims may be barred in whole or in part by the Neglect exclusion.

12.     Plaintiff's claims may be barred in whole or in part by the exclusion for faulty, inadequate or defective: "b. Design, specifications, workmanship, repair, construction, renovation, remodeling, grading, compaction; c. Materials used in repair, construction, renovation or remodeling; or d. Maintenance; of part or all of any property whether on or off the 'residence premises.'"

13.     Some or all of Plaintiff's claims may be excluded by breach of policy requirements and/or conditions in the Policy, including the insured's duties after loss, such as the failure to protect the property from further damage or the failure to make reasonable and necessary repairs to protect the property.

14.     Plaintiff has failed to mitigate his damages.

15.     Plaintiff's claims are subject to the deductible of the insurance policy at issue as well as the limits therein.

16.     All or a portion of Plaintiff's claims were caused by the negligence and/or comparative responsibility of Plaintiff, persons acting on Plaintiff's behalf and/or under Plaintiff's direction or control, and/or third parties over which Defendant had no control.

17.     Defendant is entitled to a credit or offset for all amounts previously paid by any other insurer, as well as amounts previously paid by Travelers.

18.     Plaintiff's claims may be barred in whole or in part by the excessive demand doctrine.

19.     Travelers reserves the right to invoke appraisal.

20.     To the extent Plaintiff seeks exemplary or punitive damages, Plaintiff's claims are barred in whole or in part by the Due Process Clause and the Excessive Fines Clause of the

United States Constitution, Chapter 41 of the Texas Civil Practice & Remedies Code, or any other applicable law.

WHEREFORE, PREMISES CONSIDERED, Defendant The Travelers Home and Marine Insurance Company prays that Plaintiff takes nothing by this suit, and that Defendant goes hence and recover costs on its behalf expended.

Respectfully submitted,

*/s/ Wm. Lance Lewis*
WM. LANCE LEWIS
State Bar No. 12314560
ALISSA PUCKETT
State Bar No. 24056886
QUILLING, SELANDER, LOWNDS, WINSLETT
& MOSER, P.C.
2001 Bryan Street, Suite 1800
Dallas, Texas 75201
(214) 871-2100 (Phone)
(214) 871-2111 (Fax)
llewis@qslwm.com
apuckett@qslwm.com

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of this Original Answer has been furnished to counsel of record as provided below, via facsimile, in accordance with the Texas Rules of Civil Procedure, this 29th day of July 2016:

C. Bryan Beverly
The Voss Law Firm
26619 Interstate 45
The Woodlands, TX 77380

_/s/ Wm. Lance Lewis_
Wm. Lance Lewis / Alissa Puckett